[No. 2514.]

## STRATTON'S INDEPENDENCE, LIMITED, v. STARK.

**Pleading—Contracts—Judgment on Pleadings.**

Plaintiff's complaint alleged an employment for one year by defendant and that, before the expiration of the term, in consideration of his resignation, defendant agreed to continue his salary for the balance of the term at a reduced rate, and the failure of defendant to pay. Defendant admitted the employment of plaintiff for one year, his resignation and an agreement to pay him the smaller salary the balance of the term, but alleged that the agreement to pay plaintiff the smaller salary for the balance of the term was in consideration that plaintiff should perform services for defendant the balance of the term, and that plaintiff, without defendant's consent, quit his employ and refused to perform the services. Held, that the pleadings presented an issue of fact, and that it was error to render a judgment for plaintiff on the pleadings.

*Appeal from the District Court of Teller County.*

Mr. SCOTT ASHTON, for appellant.

GUNTER, J.

The complaint alleges that appellee was employed by appellant as superintendent of its properties for the period of one year from June 1, 1900,

at a salary of $5,000.00 per year payable in monthly installments; that appellee acted under such employment until August 18, 1900, when appellant being desirous of dispensing with the services of appellee it was then agreed that if appellee would resign his position of superintendent that his salary should continue until June 1, 1901, at the rate of $300.00 per month; that such salary was to begin September 1; that such salary is now due for the months of September, October, November and December; that no part of it has been paid, and for the aggregate indebtedness thus resulting—$1,200.00—judgment is sought.

The answer denies every allegation set up in the complaint except such as are expressly admitted. The answer admits the making of the contract for the payment of the salary of $5,000.00 from June 1, 1900, to June 1, 1901, but avers that the substituted contract was, that in consideration of the resignation of appellee, and his further agreement to perform services for appellant to June 1, 1901, appellant agreed to pay him a salary of $300.00 per month for such time; that under said contract it was entitled to all the time and personal attention of plaintiff; that notwithstanding such fact appellee, without the consent of appellant, quit the employ of appellant in the latter part of August, 1900, and has since said date neglected to perform further service.

According to the allegations of the complaint, appellant agreed to pay appellee the sum sued for in consideration of his resigning his position as superintendent, and releasing appellant from the obligation of the contract, whereby it was to pay appellee the sum of $5,000.00 for his services as superintendent for the year ending June 1, 1901. Appellant affirmatively, by the foregoing allegations, c' that such was the contract.

If the evidence showed a contract of the nature stated by appellee he was entitled to a judgment for the amount sued for. If the evidence did not show such a contract—if, for example, it showed a contract of the nature set up by appellant—appellee was not entitled to a judgment. The pleadings presented an issue of fact which it was necessary to have determined before the court was authorized to enter a judgment of any character; the court, however, entered judgment upon the pleadings for appellee. In this we think it erred, because, for the reasons above assigned, the allegations of the complaint were in issue.

The judgment will be reversed.

*Reversed.*